IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
vs. ) Crim. No. 06-32 Erie
)
)
ADRIANNA HAVELKA )

## OPINION

Presently before the Court is Adrianna Havelka's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Ms. Havelka moves for a reduction of her sentence under section 3582(c)(2) based on recent changes to the Guidelines concerning crack cocaine. On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines to address the disparities between sentences based on crack and powder cocaine. Amendment 706 lowered the ratio between crack and powder cocaine offenses resulting in lower guideline offense levels for defendants facing sentencing for crack cocaine offenses than they would have faced before the Amendment. Section 3582(c)(2) permits a district court to retroactively reduce the term of imprisonment of a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and Amendment 706 qualifies as such a reduction. U.S.S.G. § 1B1.10(c).

On October 2, 2006, Ms. Havelka plead guilty to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. At sentencing we found that Ms. Havelka was responsible for 12.6 grams of cocaine base. Her total offense level was 21 and her criminal history category was I, resulting in a sentencing guideline range of imprisonment of 37 to 46 months' imprisonment. On January 22, 2007, we sentenced Ms. Havelka to 37 months' imprisonment.

The government agrees that Ms. Havelka is entitled to a 2-level offense level reduction pursuant to section 3582(c) and Amendment 706. Applying the retroactively amended offense

level for 12.6 grams of cocaine base to Ms. Havelka results in a new total offense level of 19. Thus, with a total offense level of 19 and a criminal history category of I, Ms. Havelka's new sentencing guideline range is 30 to 37 months' imprisonment.

Ms. Havelka, however, argues that not only is she entitled to the retroactive 2-level reduction in her offense level, but also that upon resentencing the Court should exercise its discretion and sentence her to a term of imprisonment of 24 months, a sentence below the new retroactive guideline range. The government opposes the request to impose a sentence below the minimum guideline sentence of 30 months, arguing that such a departure is not authorized under section 3582(c)(2).

The difference between the two parties' positions can be simply stated. Ms. Havelka argues that post-Booker a sentencing court is not bound by the Sentencing Guidelines and thus has the discretion to impose a sentence that varies from the guideline range even on resentencing. The government argues that the court's authority is limited upon a resentencing in the context of a retroactively applied amendment under section 3582(c). We agree with the government.

The court's jurisdiction to resentence Ms. Havelka is derived from a statute, 18 U.S.C. 3582(c). "The starting point for this analysis is the general rule that '[t]he court may not modify a term of imprisonment once it has been imposed . . . .'" United States v. Finney, 2008 WL 2435559, *2 (W.D.Pa June 16, 2008), quoting 18 U.S.C. § 3582(c). Section 3582(c) states in relevant part as follows:

> **(c) Modification of an imposed term of imprisonment.–** The court may not modify a term of imprisonment once it has been imposed except that– . . .
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, the general limit on the court's jurisdiction to resentence a defendant is that we cannot resentence a defendant except in certain limited circumstances. Ms. Havelka

2

meets the relevant statutory threshold criteria allowing us to reduce her term of imprisonment in that she is a defendant who has been sentenced to a term of imprisonment that has been lowered by the Sentencing Commission. Section 3582(c)(2), however, places two conditions on any reduction in sentence we may impose: first, we must consider any applicable section 3553(a) factors before we impose a reduction in sentence, and second, any reduction we impose must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

This last condition is a limit on our jurisdiction to resentence a defendant. If we impose a sentence that is not consistent with applicable policy statements we will have exceeded the statutory grant to modify a sentence of imprisonment. There is no dispute about what the applicable policy statement at issue is, or about what the policy statement means. The dispute concerns the defendant's position that the policy statement is advisory only and thus does not limit the court's discretion in imposing a sentence. The government's position is that the statute limits our jurisdiction, even though the specific limitation is found in the referenced policy statement.

The applicable policy statement is section 1B1.10(b)(2)(A) of the Sentencing Guidelines, which states that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). What this policy statement means is that the court cannot impose a sentence based upon a retroactively applied amendment to the guidelines that is below the new, lower guideline range.[1] (See Application Note 3 to policy statement 1B1.10(b)(2) for an explicit explanation and specific example.) In Ms. Havelka's case, her guideline range based on Amendment 706 is 30 to 37 months' imprisonment. Thus, pursuant to policy statement 1B1.10(b)(2)(A), Ms. Havelka's section 3582(c)(2) reduction of sentence cannot

---

[1] Policy statement 1B1.10(b)(2)(B) provides an exception permitting a court to sentence a defendant below the new amended guideline range where the original sentence was less than the applicable guideline range at the time of sentence. In such cases, upon resentencing "a reduction comparably less that the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). This exception does not apply to Ms. Havelka as she was sentenced within the applicable guideline range.

3

be reduced below 30 months, which is "the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

We are limited to imposing a sentence that complies with section 3582(c)(2). To impose a reduced sentence below the minimum of the new amended guideline range would run afoul of section 3582(c)(2). It is true that the specific limitation on our jurisdiction is found in policy statement 1B1.10(b)(2)(A), however, the limitation on the court's power to reduce a sentence is derived from the statute. Even if we assumed, *arguendo*, that the policy statement standing alone is merely advisory post-Booker, we still could not impose a sentence below the minimum of the new amended guideline range without violating the statute. United States v. Strothers, 2008 WL 2473686, *4 (W.D.Pa June 19, 2008) (court cannot sentence below the bottom of the guideline range even if the policy statement is advisory because such a sentence "would be patently inconsistent with the policy statement . . . and, therefore, Section 3582(c)(2) would not permit such a sentence." )

There is a certain intuitive appeal to Defendant's argument, and her counsel has eloquently argued for a further reduction in sentence below the new guideline range. In fact, Defendant's argument comprises much more than simply arguing that the Court has the power post-Booker to impose a sentence below the new guideline range. The government apparently agrees that Defendant's argument is persuasively presented, in that in its equally eloquently argued responsive brief, the government presents a comprehensive opposition covering all possible facets of Defendant's argument. Ultimately, however, we must begin our analysis with the statute that initially triggers our power to even consider whether a reduction is warranted. As noted, our analysis leads us to the conclusion that we cannot impose a sentence below the amended guideline range. This is not a *de novo* sentencing, but a limited modification of a "presumptively valid sentence." Strothers, 2008 WL 2473686, *5. "It is important to understand that 3582(c) does not simply provide a vehicle for re-opening sentences for further consideration, but rather, sets forth the exceptions to the prohibition on modifying criminal sentences." Strothers, 2008 WL 2473686, *2.

4

Accordingly, we will deny Defendant's motion to the extent she seeks a sentence below the new guideline range. We will grant Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) to the extent she requests that we impose a sentence of 30 months.

ORDER

AND NOW, to-wit, this ___7th___ day of July, 2008, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 30) be and hereby is GRANTED as to Defendant's request to reduce her sentence to 30 months; Defendant's Motion is DENIED as to her request to reduce her sentence below 30 months.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Counsel of record
Probation

5